## J. M. BONNEY ET AL. *v.* ROBERT BOWMAN ET AL., EXECUTORS.

JUDGMENT.    *On void contract. Relief in chancery. Section 2464, Code of 1871, applied.*

   Section 2464, Code of 1871, provides that all notes given for debts created for liquors retailed, shall be absolutely null and void. W. obtained judgment against B. on such a note. In a suit in chancery to enforce this judgment B. set up the defense that the judgment could not be enforced because of the illegal consideration of the note. *Held,* that after the judgment on the note was obtained, it was too late for the appellant to seek relief in chancery.

APPEAL from the Chancery Court of Yazoo County.

HON. E. G. PEYTON, Chancellor.

Robert Bowman and Elizabeth King, executor and executrix of the estate of Robert Wilson, deceased, exhibited a bill against J. M. Bonney and C. Wildy Bonney, a minor, which set out in substance that in 1877 Robert Wilson obtained judgment against J. M. Bonney for one thousand two hundred and fifty-eight dollars and seventy-five cents ; that after the debt was contracted, but before judgment was rendered, J. M. Bonney transferred certain lands of his to his mother, who immediately transferred the same lands to C. Wildy Bonney, an infant son of J. M. Bonney ; that these transfers were made without any consideration, and to put the property beyond the reach of his creditors. The prayer of the bill was that the conveyances be declared void, and the land sold to satisfy the judgment above described, which had been revived in the name of the executor and executrix. The defendant, J. M. Bonney, answered, denying that the conveyances were fraudulent, and setting up that the note on which the judgment set out in complainant's bill was obtained was given in payment of an open account, many items of which were for whisky sold in violation of law and in less quantities than one gallon.

The Chancellor found the facts in favor of the complainant, and decreed that the land be sold to pay the judgment. The defendants appealed.

*J. C. Prewett* and *A. G. Norrell,* for the appellants.

Concealment of facts by either party, which, had they been

known to the court, would have prevented a judgment, affords ground for relief in equity, even after the term in which the judgment was rendered. The note, based in part on whisky in quantities less than one gallon, sold without authority of law, would have been defeated if the point had been made in the circuit court. Why should not the judgment on the note be defeated now as a legal fraud?

Does not Wildy Bonney stand in as good an attitude as a surety? We think he does. It has been repeatedly held that a surety can allege that a judgment against a principal debtor, now sought to be enforced against him, was obtained by collusion between the principal debtor and his creditor. Bigelow on Fraud 175, citing 25 N. Y. 256; 45 N. H. 110; 23 Verm. 538; also, *De Armond* v. *Adams*, 25 Ind. 455; 4 Zab. 818; 10 S. & M. 282; 6 Q. B. 587; 3 C. & F. 479.

*J. C. Prewett* also made an oral argument.

*Bowman, Barnett & Bowman*, for the appellees.

This judgment which Bonney seeks to attack, and to which he was sole defendant, and which he could have defended, in the suit in which it was rendered, appeared in court by his attorney, J. C. Prewett, and pleaded to the action. He had his day in court, which had full jurisdiction of him, the person, and of the matter, and now at this late day—nearly seven years after judgment—comes into another forum, to make an alleged defense, which he could have made, and which he shows no reason in the world for not making, in the circuit court. The whole matter is *stare decises* —it is a sealed book that can no more be opened. The statute makes the contract void, but not the judgment.

The authorities are uniform that a judgment operates as an estoppel to all matters which could be litigated properly in the suit. *Beloit* v. *Morgan*, 7 Wallace U. S. Rep. 621; *Aurora City* v. *West*, Ib. 95; *Cromwell* v. *County of Lac*, 4 Otto U. S. Rep. 351; *Doe* v. *Oliver, Duchess of Kingston's Case*, 2 Smith's Leading Cases 761, 762, 763; High on Injunctions, p. 81, § 130 to 135, inclusive; 2 Dan. Ch. Pr., § 1625; Adams' Equity 433, Mar. 197; Freeman on Judgments, § 502; 7 Rob. Prac. 172, note,

also p. 13 and notes; *LeGuen* v. *Gerneur*, 1 John. Cases 492; 2 Stor. Equity, § 1572 to § 1575.

*Robert Bowman*, of counsel for the appellees, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

The Chancellor's conclusion upon the facts is approved. The deeds were without consideration, and fraudulent and void as to creditors.

After judgment against him on the note, it was too late for the appellant to seek relief in chancery, because the note was given for an account many items of which were for spirituous liquors. *Green* v. *Robinson*, 5 How. 80; *Glidewell* v. *Hite*, Ib. 110; *Thomas* v. *Phillips*, 4 S. & M. 358.

*Affirmed.*